UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| I.C., a minor, by her mother and natural guardian, ELLEN SOLOVSKY,<br><br>Plaintiff,<br><br>v.<br><br>DELTA GALIL USA and SOCK DRAWER, LLC,<br><br>Defendants. | 14 Civ. 7289 (GHW) |

**STATEMENT OF INTEREST ON BEHALF OF THE U.S. COPYRIGHT OFFICE**

PREET BHARARA
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
Fax: (212) 637-2702
E-mail: samuel.dolinger@usdoj.gov

SAMUEL DOLINGER
Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ........................................................................................................3

DISCUSSION ...........................................................................................................6

I. THE COPYRIGHT OFFICE'S INTERPRETATION AND APPLICATION OF THE COPYRIGHT LAW ARE ENTITLED TO DEFERENCE TO THE EXTENT THEY ARE REASONABLE AND PERSUASIVE ........................................................................................6

II. THE COPYRIGHT OFFICE'S DETERMINATION THAT THE "HI/BYE" DESIGN IS INSUFFICIENTLY ORIGINAL TO WARRANT COPYRIGHT PROTECTION IS ENTITLED TO DEFERENCE BECAUSE IT IS REASONABLE AND PERSUASIVE......................................11

CONCLUSION.........................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Arica Inst., Inc. v. Palmer*,
970 F.2d 1067 (2d Cir.1992)........ 7
*Bartok v. Boosey & Hawkes, Inc.*,
523 F.2d 941 (2d Cir. 1975)........ 10
*Boisson v. Banian, Ltd.*,
273 F.3d 262 (2d Cir. 2001)........ 15
*Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am., Inc.*,
836 F.2d 599 (D.C. Cir. 1988)........ 9, 10
*Capitol Records, LLC v. Vimeo, LLC*,
No. 14-1048, 2016 WL 3349368 (2d Cir. June 16, 2016)........ 9
*Coach, Inc. v. Peters*,
386 F. Supp. 2d 495 (S.D.N.Y. 2005)........ 13
*Computer Assocs. Int'l v. Altai, Inc.*,
982 F.2d 693 (2d Cir. 1992)........ 2, 12
*Estate of Hogarth v. Edgar Rice Burroughs, Inc.*,
342 F.3d 149 (2d Cir. 2003)........ 10
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991)........ passim
*Heptagon Creations, Ltd. v. Core Grp. Mktg. LLC*,
507 F. App'x 74 (2d Cir. 2013)........ 10
*Homer Laughlin China Co. v. Oman*,
No. Civ. A. 90-3160, 1991 WL 154540 (D.D.C. July 30, 1991)........ 10
*I.C. ex rel. Solovsky v. Delta Galil USA*,
135 F. Supp. 3d 196 (S.D.N.Y. 2015)........ passim
*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
755 F.3d 1038 (9th Cir. 2014)........ 8
*John Muller & Co. v. N.Y. Arrows Soccer Team*,
802 F.2d 989 (8th Cir. 1986)........ 13
*Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*,
266 F.2d 541 (2d Cir. 1959)........ 7
*Knitwaves, Inc. v. Lollytogs Ltd.*,
71 F.3d 996 (2d Cir. 1995)........ 12, 14, 15
*Marascalco v. Fantasy, Inc.*,
953 F.2d 469 (9th Cir. 1991)........ 9
*McLaren v. Chico's FAS, Inc.*,
No. 10 Civ. 2481 (JSR), 2010 WL 4615772 (S.D.N.Y. Nov. 9, 2010)........ 8
*Morris v. Bus. Concepts, Inc.*,
283 F.3d 502 (2d Cir. 2002)........ 9, 10, 11
*N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*,
389 F. Supp. 2d 527 (S.D.N.Y. 2005)........ 7, 9
*Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.*,
696 F.2d 918 (11th Cir. 1983)........ 10

*Oriental Art Printing, Inc. v. Goldstar Printing Corp.*,
175 F. Supp. 2d 542 (S.D.N.Y. 2001)....................15
*Satava v. Lowry*,
323 F.3d 805 (9th Cir. 2003)....................3, 12, 14
*Skidmore v. Swift & Co.*,
323 U.S. 134 (1944)....................9, 11
*Southco, Inc. v. Kanebridge Corp.*,
390 F.3d 276 (3d Cir. 2004)....................7, 9, 10
*Twentieth Cent. Music Corp. v. Aiken*,
422 U.S. 151 (1975)....................2
*United States v. Mead Corp.*,
533 U.S. 218 (2001)....................9, 11
*Ward v. Nat'l Geographic Soc.*,
208 F. Supp. 2d 429 (S.D.N.Y. 2002)....................11

**CONSTITUTION**

U.S. Const. art. I, § 8, cl. 8....................11

**STATUTES**

17 U.S.C. § 410....................1, 6, 7, 14
17 U.S.C. § 411....................passim
17 U.S.C. § 701....................1
28 U.S.C. § 517....................1

**REGULATIONS**

37 C.F.R. § 201.2....................8
37 C.F.R. § 202.1....................passim

**SECONDARY SOURCES**

1 NIMMER ON COPYRIGHT § 2.01....................9, 11
U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES
(3d ed. 2014)....................5, 8, 9

## PRELIMINARY STATEMENT

The United States of America (the "United States"), on behalf of the Register of Copyrights ("Register," "Copyright Office," or "Office"), respectfully submits this statement of interest pursuant to 28 U.S.C. § 517 due to the importance of the copyright law and policy issue presented in this case.[1]

The United States, through the Copyright Office, has the duty to administer the copyright law, *inter alia*, by advising Congress, the courts, and federal departments and agencies on copyright issues, 17 U.S.C. § 701(b), by reviewing applications for copyright registration and issuing certificates of registration for copyrights when it determines that the material constitutes copyrightable subject matter and that other legal and formal requirements of copyright law have been met, *id.* § 410(a), or by refusing registration when the material does not constitute copyrightable subject matter or the claim is invalid for any other reason, *id.* § 410(b).

Each year, the Office receives over a half a million applications for copyright registration. The Office ultimately declines to register some 50,000 or more of these claims annually for various reasons, including because the examination process shows that the submitted work does not meet the standards for protection under the Copyright Act. The United States has an interest in properly maintaining the "delicate equilibrium" that Congress established in the copyright law between protecting private ownership of expression to encourage creativity, on the one hand, and enabling the free use of information for future

[1] The Copyright Office was informed of this litigation pursuant to 17 U.S.C. § 411(a), which allows an applicant to institute a civil infringement action if copyright registration has been refused, provided the applicant serves the Register with a copy of the complaint. Although § 411(a) authorizes the Register to become a party to the action with respect to the issue of registrability within sixty days of service, in this case the Register has abstained from intervention and instead seeks to assist the Court as an interested nonparty pursuant to 28 U.S.C. § 517.

creativity, on the other. *See Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 696 (2d Cir. 1992); *accord Twentieth Cent. Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975).

In this matter, Plaintiff I.C. ("Plaintiff"), a minor proceeding through a guardian, asserts a claim that Defendants Delta Galil USA and Sock Drawer, LLC ("Defendants") infringed the copyright for her t-shirt design, referred to herein as the "Hi/Bye" design. When Plaintiff filed an application to register her copyright claim for the Hi/Bye design, the Copyright Office determined that Plaintiff's design lacked the minimum amount of authorship to support a copyright claim. That decision was based on longstanding principles of copyright law applied by the Copyright Office in evaluating claims for copyright registration.

On September 29, 2015, this Court came to a contrary conclusion and issued a decision partially denying Defendants' motion to dismiss the suit based, as relevant here, on the Court's determination that the Hi/Bye design could be protected by copyright. *I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196, 214-15 (S.D.N.Y. 2015). The Court concluded that the individual elements comprising the Hi/Bye design ("the words 'Hi' and 'bye,' as well as familiar smiley and frowning faces") were not entitled to copyright protection as they constituted "[c]ommon phrases and familiar designs." *Id.* at 214 (citing 37 C.F.R. § 202.1(a)). Nonetheless, the Court stated that it could not determine as a matter of law that the *selection and arrangement* of these uncopyrightable elements lacked the "extremely low" requisite level of creativity to be original. *Id.* (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)). In reaching that conclusion, the Court rejected the judgment of the Copyright Office that the "Hi/Bye" design lacked the minimum level of creativity to support a copyright claim. *Id.* at 212-13.

The United States offers this statement of interest to elaborate on its rationale for concluding that the "Hi/Bye" design is not sufficiently creative to warrant copyright protection. In making a *de novo* determination of copyrightability as permitted under 17 U.S.C. § 411(a), it is nonetheless proper for the Court to consider and give weight to the Copyright Office's interpretations of the copyright law and its determinations on copyrightability in light of the Office's expertise in this area. The Copyright Office properly denied copyright protection to the "Hi/Bye" design: while "the amount of creative input by the author required to meet the originality standard is low, it is not negligible." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003). There are strong legal and policy reasons to ensure that non-original design elements and combinations remain available for all to use. Indeed, in emphasizing that copyrighted works must demonstrate some degree of creative authorship, the Supreme Court has explained that to create a monopoly in public domain materials would "distort[] basic copyright principles." *See Feist*, 499 U.S. at 354. For these reasons, the United States submits this statement in order to respectfully note its disagreement with this portion of the Court's decision dated September 29, 2015.

**BACKGROUND**

On April 3, 2014, Plaintiff filed a copyright application to register the "Hi/Bye" t-shirt design. (Dkt. No. 47 ("Am. Compl.") ¶ 33.[2]) The "Hi/Bye" design consists of a smiley face roughly centered on the front of a t-shirt, with the word "Hi" written above and below; a frowning face roughly centered on the back of a t-shirt, with the word "bye" written above and below; and rudimentary shading on the sleeves, shoulders, and base of the t-shirt template.

[2] On June 22, 2016, the Court conditionally granted Plaintiff's motion to file a Second Amended Complaint. (Dkt. No. 98.) At this time, however, the Amended Complaint remains the operative pleading in this matter. In any event, the alterations in the proposed Second Amended Complaint are not material to this statement of interest.

Below is a reproduction of the "Hi/Bye" design as submitted for registration to the Copyright Office:




(*See* Am. Compl. Ex. B.)[3]

On June 23, 2014, the Office sent a letter to Plaintiff's counsel refusing registration of the "Hi/Bye" design because "it lacks the authorship necessary to support a copyright claim." (Dkt. No. 59, Ex. E.) Citing Office regulations, the letter explained that copyright "does not protect familiar symbols or designs; basic geometric shapes; words and short phrases such as names, titles, and slogans; or mere variations of typographic ornamentation, lettering or coloring." (*Id.*

[3] Plaintiff attached a black–and-white version of the "Hi/Bye" design to her Complaint and Amended Complaint, which conforms to the Copyright Office deposit, reproduced above. (*See* Compl. Ex. B; Am. Compl. Ex. B.) A color version of Plaintiff's "Hi/Bye" design was attached as an exhibit to a declaration submitted by Defendant Delta Galil USA in support of its motion to dismiss (*see* Dkt. No. 59, Ex. D), but this is not the work at issue. Because Plaintiff initiated suit pursuant to § 411(a) after the Office refused to register her design (*see* Am. Compl. ¶ 36), judicial review is limited to the black-and-white "Hi/Bye" design deposited with the Office and as to which registration was refused. *See* 17 U.S.C. § 411(a) ("In any case . . . where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement . . . .").

(citing 37 C.F.R. § 202.1).) The letter further stated that to be entitled to copyright protection, a visual work "must contain a minimal amount of pictorial, graphic or sculptural authorship," and that the Copyright Office had concluded that the "Hi/Bye" design was not sufficiently original to meet this standard. (*Id.*)

Consistent with Office practice, in reaching the conclusion that the design lacked sufficient original authorship to merit protection, the Office also necessarily rejected any claim that the selection, coordination, and/or arrangement of elements comprising the "Hi/Bye" design were sufficiently creative to be copyrightable. *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 309 (3d ed. 2014) ("COMPENDIUM (THIRD)") ("When examining a claim to copyright, the registration specialist will use objective criteria to determine whether the work [is copyrightable] by reviewing the information provided in the application and by examining the deposit copy[], including its individual elements *as well as the work as a whole*." (emphasis added)), *available at* http://www.copyright.gov/comp3/docs/compendium.pdf.

In September 2014, Plaintiff sued Defendants Delta Galil USA and Sock Drawer, LLC, for infringement of a claimed copyright interest in the "Hi/Bye" design, also alleging New York state law claims for quantum meruit and unjust enrichment. (Dkt. No. 1 ("Compl.") ¶¶ 34-40.)[4] After Defendants filed initial motions to dismiss, Plaintiff filed an Amended Complaint in January 2015, again asserting a claim for copyright infringement of the "Hi/Bye" design, as well as New York state law claims. (Am. Compl. ¶¶ 37-56.) Defendants filed a second set of

[4] Plaintiff also sued Miss Matched, Inc., a predecessor company of Delta Galil USA and Sock Drawer, LLC; Jonah Staw, former president and shareholder of Miss Matched, Inc.; and Arielle Eckstut, former creative director and shareholder of Miss Matched, Inc. (Compl. ¶¶ 7, 10-11, 55-69.) Plaintiff later voluntarily dismissed her claims against Staw and Eckstut. (Dkt. Nos. 17, 37.) Plaintiff did not name Miss Matched, Jonah Straw, or Arielle Eckstut as defendants in the Amended Complaint. (*See* Am. Compl.)

motions to dismiss Plaintiff's Amended Complaint. (*See* Dkt. Nos. 54, 57.) As relevant here, Defendants argued that the Copyright Office's refusal to register the "Hi/Bye" design is entitled to "significant weight" in determining the uncopyrightability of the "Hi/Bye" design, and that Plaintiff's copyright infringement claim fails because the "Hi/Bye" design lacks the requisite originality to be protectable. (Dkt. No. 58, at 14-16.)

On September 29, 2015, the Court declined to adopt Defendants' argument that the copyright claim should be dismissed due to the "Hi/Bye" design's lack of originality. *I.C.*, 135 F. Supp. 3d at 213-15. In its order, the Court acknowledged that the Copyright Office had found the "Hi/Bye" design to lack the authorship necessary to support a claim of copyright. *Id.* at 212. On *de novo* review, however, the Court came to a contrary conclusion. The Court first held that the individual elements comprising the "Hi/Bye" design are not entitled to copyright protection as they constitute "[c]ommon phrases and familiar designs." *Id.* at 214 (citing 37 C.F.R. § 202.1(a)). The Court went on to determine, however, that "[a]lthough it is a close question," Plaintiff's selection and arrangement of the uncopyrightable elements "possess at least some degree of creativity" and are "sufficiently original to survive the motion to dismiss," *id.* at 213. In so holding, the Court pointed to Plaintiff's decision to "place the positive smiley face and the word 'hi' on the front of the shirt," and "the negative frowning face and the word 'bye' on the back of the shirt," explaining that while this "may have only required a modest amount of creativity, that is all that is needed for plaintiff to survive a motion to dismiss." *Id.* at 214-15.

## DISCUSSION

### I. The Copyright Office's Interpretation and Application of the Copyright Law Are Entitled to Deference to the Extent They Are Reasonable and Persuasive

The Copyright Act requires the Copyright Office to assess whether works meet the threshold requirement of originality before registering a copyright claim. *See* 17 U.S.C. § 410(a)

(the Register of Copyrights must determine whether "material deposited [for registration] constitutes copyrightable subject matter"). If the Office determines that the material deposited "does not constitute copyrightable subject matter," it must "refuse registration." *Id.* § 410(b). To help carry out this statutory duty, the Office has adopted standards both by regulation, *see, e.g.*, 37 C.F.R. § 202.1, and in the *Compendium of U.S. Copyright Office Practices* ("*Compendium*").

The relevant Copyright Office regulation provides that "[w]ords and short phrases such as names, titles, and slogans; familiar symbols or designs; [and] mere variations of typographic ornamentation, lettering or coloring" are not subject to copyright. 37 C.F.R. § 202.1. "This regulation concerning single words and short phrases [has been] endorsed by the Court of Appeals for the Second Circuit." *N.Y. Mercantile Exch., Inc. v. IntercontinentalExchange, Inc.*, 389 F. Supp. 2d 527, 543-44 (S.D.N.Y. 2005) [hereinafter *NYMEX*] (citing *Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 544 (2d Cir. 1959)), *aff'd*, 497 F.3d 109 (2d Cir. 2007); *see also Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1072 (2d Cir.1992) (affirming determination that "single words or short phrases" in question "do not exhibit the minimal creativity required for copyright protection").[5]

The *Compendium*—which spans some 1,200 pages—is a detailed administrative procedure manual that is relied upon by Office staff in carrying out their duties, including determining whether works submitted for registration are eligible for copyright protection. The *Compendium* also provides expert guidance to copyright applicants, practitioners, scholars, courts, and members of the general public regarding the Office's institutional practices and

[5] For an account of the Copyright Office's practice of denying copyright registration to "words and phrases" since "at least 1899," *see Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 285-87 (3d Cir. 2004).

implementation of the Copyright Act. *See* 37 C.F.R. § 201.2(b)(7). Courts frequently rely on the *Compendium* as persuasive authority on matters of copyright law. *See, e.g.*, *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1042 (9th Cir. 2014) (finding *Compendium* "persuasive" on issue of conceptual separability for purposes of copyright protection), *cert. denied*, 135 S. Ct. 758 (2014); *McLaren v. Chico's FAS, Inc.*, No. 10 Civ. 2481 (JSR), 2010 WL 4615772, at *3 (S.D.N.Y. Nov. 9, 2010) (accepting the Office's interpretation of unit of publication regulation derived from a section of the *Compendium*).

As explained in section 905 of the *Compendium*, a work of visual art is copyrightable only if it "contains a sufficient amount of original pictorial, graphic, sculptural, or architectural authorship." COMPENDIUM (THIRD) § 905. Although some combinations of common or standard design elements may contain a sufficient amount of creativity to support a copyright claim, not every combination or arrangement is sufficient to meet this threshold. *See id.* More particularly, the *Compendium* explains that "[t]he Office will not register works that consist entirely of uncopyrightable elements . . . unless those elements have been selected, coordinated, and/or arranged *in a sufficiently creative manner*." *Id.* (emphasis added). A mere simplistic arrangement of nonprotectable elements does not satisfy the test. As articulated in the *Compendium*, "[m]erely bringing together only a few standard forms or shapes with minor linear or spatial variations does not satisfy [the creativity] requirement." *Id.*

Section 202.1 of the regulations and section 905 of the *Compendium* are both directly relevant to the analysis of the copyrightability of the "Hi/Bye" design, which consists of little more than a combination of two single words and two "familiar symbols or designs." 37 C.F.R. § 202.1; *see also I.C.*, 135 F. Supp. 3d at 214 (recognizing the ubiquity of the smiley face design). Because Plaintiff has done no more with her design than "bring[] together . . . a few

standard forms or shapes with minor linear or spatial variations," along with the words "Hi" and "bye," she has not created a work whose elements are "selected, coordinated, and/or arranged in a sufficiently creative manner" to merit copyright protection. *See* COMPENDIUM (THIRD) § 905.

"[C]ourts have found that the policies and interpretation of the Office are entitled to deference." *NYMEX*, 389 F. Supp. 2d at 543 (S.D.N.Y. 2005); *see Morris v. Bus. Concepts, Inc.*, 283 F.3d 502, 505-06 (2d Cir. 2002) (finding "persuasive" the Copyright Office's interpretation of 17 U.S.C. § 411 (citing *United States v. Mead Corp.*, 533 U.S. 218, 234 (2001), and *Skidmore v. Swift & Co.*, 323 U.S. 134, 139 (1944))); *see also Capitol Records, LLC v. Vimeo, LLC*, No. 14-1048, 2016 WL 3349368, at *10 (2d Cir. June 16, 2016) (recognizing "the Copyright Office's intimate familiarity with the copyright statute" and stating that it accords "appropriate deference to its reasonably persuasive interpretations of the Copyright Act"); *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 286-87 & n.5 (3d Cir. 2004) (en banc) (Alito, J.) (deferring to views of Copyright Office without determining the precise degree of deference because "[a]t a minimum, the practice of the Copyright Office reflects a 'body of experience and informed judgment to which courts and litigants may properly resort for guidance'" (quoting *Skidmore*, 323 U.S. at 140) (some internal quotation marks omitted)); *Marascalco v. Fantasy, Inc.*, 953 F.2d 469, 473 (9th Cir. 1991) (holding that "the Register has the authority to interpret the copyright laws and that its interpretations are entitled to judicial deference if reasonable"); *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n of Am., Inc.*, 836 F.2d 599, 608 (D.C. Cir. 1988) (deferring to Copyright Office's interpretation of 17 U.S.C. § 111); 1 NIMMER ON COPYRIGHT § 2.01[3] ("Courts

typically rule that 'the Copyright Office's longstanding practice of denying registration to short phrases merits deference.'" (quoting *Southco*, 390 F.3d at 286)).[6]

Courts have also held that it is proper to accord some deference to the Copyright Office's analysis of particular applications for copyright registration. *See, e.g.*, *Heptagon Creations, Ltd. v. Core Grp. Mktg. LLC*, 507 F. App'x 74, 75 (2d Cir. 2013) (summary order) (holding that the Register's refusal of copyright registration, "while not dispositive, is relevant to our consideration" (citing *Estate of Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 167 n.22 (2d Cir. 2003))); *Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.,* 696 F.2d 918, 922 (11th Cir. 1983) (holding that "[t]he district court properly gave some deference to the expertise of the Register in its decision" refusing registration to a copyright on the grounds that "[t]hese determinations are routinely made by the Register and are unquestionably related to the substantive area of the agency's business," and stating that the "expertise relied on is . . . in the interpretation of the law and its application to the facts presented by the copyright application"); *see also Homer Laughlin China Co. v. Oman*, No. Civ. A. 90-3160, 1991 WL 154540, at *1 (D.D.C. July 30, 1991) (holding, in a challenge to the Register's refusal of registration, that "in determining creativity, such a decision necessarily requires the exercise of informed discretion, and the Register, in part due to having to make such determinations on a daily basis, is generally recognized to possess considerable expertise over such matters").

[6] While the Second Circuit held in *Bartok v. Boosey & Hawkes, Inc.*, 523 F.2d 941, 947 (2d Cir. 1975), that the Copyright Office "has no authority to give opinions or define legal terms" and that an interpretation by the Copyright Office in a circular "should not be given controlling weight," the Second Circuit more recently clarified the scope of *Bartok* in *Morris v. Business Concepts, Inc.*, where it accorded *Skidmore* deference to the Copyright Office's interpretation of the Copyright Act. 283 F.3d at 505-06. Further, the D.C. Circuit has posited that *Bartok*'s "statement on the deference due the Office" appears to be "a dictum." *Cablevision*, 836 F.2d at 610.

Here, in this action brought pursuant to 17 U.S.C. § 411(a), the Court properly performed an independent review of copyrightability. *See I.C.*, 135 F. Supp. 3d at 213 (citing *Ward v. Nat'l Geographic Soc.*, 208 F. Supp. 2d 429, 445 (S.D.N.Y. 2002)). However, for the reasons set out above, the United States respectfully submits that both the Register's interpretation of the copyright law in its regulations and the *Compendium*—as well as the Copyright Office's application of the law to Plaintiff's application for copyright registration—deserve deference to the extent they are "persuasive," *Morris*, 283 F.3d at 505, in light of "the 'specialized experience and broader investigations and information' available to the agency," *Mead*, 533 U.S. at 234 (quoting *Skidmore*, 323 U.S. at 139)).

## II. The Copyright Office's Determination that the "Hi/Bye" Design Is Insufficiently Original to Warrant Copyright Protection Is Entitled to Deference Because It Is Reasonable and Persuasive

The Copyright Office's determination in this case warrants deference because it is reasonable and persuasive. The Copyright Office correctly applied the principles of copyright law in denying Plaintiff's application for copyright registration on the ground that Plaintiff's design lacks sufficient creativity as a matter of law.

A foundational precept of copyright law is that copyright protection extends only to "original" works of authorship. *Feist*, 499 U.S. at 345 ("The *sine qua non* of copyright is originality."). This means that a work must have been "independently created by the author (as opposed to copied from other works)," and must "possess[] at least some minimal degree of creativity." *Id.* Accordingly, there is "a narrow area in which [even] admittedly independent efforts are deemed too trivial or insignificant to support copyright." 1 NIMMER ON COPYRIGHT § 2.01[B][1]. "The primary objective of copyright is not to reward the labor of authors, but 'to promote the Progress of Science and useful Arts.'" *Id.* at 349 (quoting U.S. Const. art. I, § 8, cl. 8).

As an initial matter, Plaintiff does not dispute that the individual symbols and shapes comprising the "Hi/Bye" design are unoriginal, and thus uncopyrightable in themselves. *See I.C.*, 135 F. Supp. 3d at 214. These basic design elements belong to the public domain, as this Court recognized. *See id.* (suggesting that the individual elements of Plaintiff's design are not protectable); *see also Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 132 (2d Cir. 2003) (the public domain contains "not only elemental 'raw materials,' like colors, letters, descriptive facts, and the catalogue of standard geometric forms, but also earlier works of art that, due to the passage of time or for other reasons, are no longer copyright protected"); *Computer Assocs.*, 982 F.2d at 710 ("[M]aterial found in the public domain . . . is free for the taking and cannot be appropriated by a single author . . . ."). Instead, Plaintiff asserts that the selection and arrangement of uncopyrightable elements in the "Hi/Bye" design are sufficiently original to warrant copyright protection—a contention that the Court adopted in ruling on Defendants' motion to dismiss. *See id.* at 214-15.

The United States respectfully submits that the Court's conclusion misapplied the pertinent principles of copyright law. As noted above, while "the amount of creative input by the author required to meet the originality standard is low, it is not negligible." *Satava*, 323 F.3d at 811. The copyrightability of a work consisting of a compilation of unprotectable elements is dependent upon "'the author's original contributions'"—that is, the degree to which the author has "'selected, coordinated, and arranged' the elements of his or her work" in an *original* way. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1003-04 (2d Cir. 1995) (quoting *Feist*, 499 U.S. at 350, 358). To permit a party to copyright uncreative combinations of public domain materials would "distort[] basic copyright principles." *See Feist*, 499 U.S. at 354.

Accordingly, numerous courts have refused to extend copyright protection to simplistic combinations of unprotectable elements. For example, another court in this district endorsed the Office's determination that designs essentially consisting of "variations and arrangements of the letter 'C'" lacked the requisite originality to warrant registration because "letters of the alphabet cannot be copyrighted," and "the elements embodied in th[e] work, individually, *and in their particular combination and arrangement*, simply do not contain a sufficient amount of original and creative authorship to be copyrightable." *Coach, Inc. v. Peters*, 386 F. Supp. 2d 495, 498-99 (S.D.N.Y. 2005) (internal quotation marks omitted) (review of Register's refusal of registration); *see also Yu Zhang v. Heineken N.V.*, No. CV-08-6506 (GAF) (RCX), 2010 WL 4457460, at *1, *5 (C.D. Cal. May 12, 2010) (affirming Register's refusal of registration to "ornate depictions of various Chinese words" on the ground that they "d[id] not meet the minimal amount of originality required"). Similarly, the Eighth Circuit concluded that the Copyright Office had correctly refused to register a design consisting of "four angled lines which form an arrow and the word 'Arrows' in cursive script below the arrow," on the ground that the design lacked the requisite creativity to merit copyright protection. *John Muller & Co. v. N.Y. Arrows Soccer Team*, 802 F.2d 989, 990 (8th Cir. 1986) (per curiam) (applying abuse of discretion standard); *see also Darden v. Peters*, 488 F.3d 277, 286-87 (4th Cir. 2007) (on review of Register's refusal of registration, affirming Copyright Office's determination that changes and additions to preexisting census maps "such as color, shading, and labels using standard fonts and shapes fall within the narrow category of works that lack even a minimum level of creativity").

The Ninth Circuit has explained:

> It is true, of course, that a *combination* of unprotectable elements may qualify for copyright protection. But it is not true that *any* combination of unprotectable elements automatically qualifies for copyright protection. . . . [A] combination of unprotectable elements is eligible for copyright protection only if those elements

> are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.

*Satava*, 323 F. 3d at 811 (internal citations omitted). The court thus found that a glass sculpture consisting of a vertically oriented, colorful jellyfish in stereotypical form, arranged in an outer layer of clear rounded glass, lacked the "quantum of originality needed to merit copyright protection." *See id.*

In this case, viewing the "Hi/Bye" design as a whole, the selection, coordination, and simplistic arrangement of the shapes, letters, and symbols comprising the "Hi/Bye" design lack even the low quantum of creativity necessary to merit copyright protection. As described above, the "Hi/Bye" design consists in its entirety of a smiley face roughly centered on the front of a t-shirt, with the word "Hi" written above and below; the smiley face; a frowning face roughly centered on the back of a t-shirt, with the word "bye" written above and below; and rudimentary shading on the sleeves, shoulders, and base of the t-shirt template. This basic combination of words, common symbols, and basic shading applied to a pre-existing t-shirt template lacks meaningful creative authorship, as it is a mere simplistic arrangement of public domain design elements within a standard form. The Office's practice is to deny registration to works of this nature.

The cases cited in this Court's order finding the "Hi/Bye" design potentially copyrightable are readily distinguishable from this one. In each, the work at issue displayed greater originality, and unlike the work in this case, each work had been granted registration by the Copyright Office, creating a presumption that the work was copyrightable. *See* 17 U.S.C. § 410(c). In *Knitwaves, Inc. v. Lollytogs Ltd.*, the Second Circuit assessed the protectability of two sweater designs for purposes of ruling on infringement claims. 71 F.3d at 1002-05. The court found the sweater designs registered by the Office to be protectable because they involved

two original design patterns, one comprised of multicolored stripes with "puffy leaf appliques," and the second comprised of squirrels and leaves "appliqued onto [a] multipaneled front," both of which were coordinated with a "fall" color palette and used an "unusual manner of stitching" for the leaves, which involved stitching "along the veins of the leaves, leaving the edges unattached." *Id.* at 999, 1004 & n.4.

In *Boisson v. Banian, Ltd.*, 273 F.3d 262 (2d Cir. 2001), the Second Circuit assessed the protectability of quilt designs for purposes of ruling on an infringement claim. *Id.* at 269-71. The principal designs—as to which the Copyright Office had granted registration—consisted of letters of the alphabet arranged in a five-by-six block format, set in horizontal rows and vertical columns, with the extra blocks in the sixth row filled by blocks containing certain pictures or icons; each block and each letter was rendered in a particular fabric and color—with some in solids and others in polka dots—and the entire quilt was stitched in particular patterns. *Id.* at 266, 269, 273-74. In evaluating the protectability of the design, the court considered not only the layout of the quilt blocks, but the complex color scheme as well. *Id.* at 271, 273-74. The court conducted its infringement analysis based upon the "arrangement and shapes of the letters, the colors chosen to represent the letters and other parts of the quilts, the quilting patterns, [and] the particular icons chosen and their placement." *Id.* at 273.

Finally, in *Oriental Art Printing, Inc. v. Goldstar Printing Corp.*, the court held that while the plaintiffs' photographs of common Chinese dishes were not copyrightable, the "graphic design" for menus registered by the Office—comprising photographs, arrangements of dishes, and associated artwork—was copyrightable. 175 F. Supp. 2d 542, 548 (S.D.N.Y. 2001), *aff'd in part*, *appeal dismissed in part*, 34 F. App'x 401 (2d Cir. 2002) (summary order).

Unlike in these cases, the "Hi/Bye" design's selection and arrangement of a few basic elements on a pre-existing t-shirt template are highly simplistic. To the extent the design reflects original authorship, copyright protection is unavailable because—as the Copyright Office reasonably concluded—it lacks sufficient creativity to qualify under the requirements of copyright law.

**CONCLUSION**

For the foregoing reasons, (1) the legal interpretations and decisions of the Copyright Office deserve deference in the Court's analysis of copyright law and the copyright claims as to which the Copyright Office has refused registration; and (2 as the Copyright Office reasonably and persuasively determined, the work at issue here lacks sufficiently creativity to warrant copyright protection under both the standard set by the Supreme Court in *Feist*, 499 U.S. at 345, and under the long-established policy and practices of the Copyright Office in determining whether works qualify for protection under the Copyright Act.

Dated: July 5, 2016
New York, New York

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
Fax: (212) 637-2702
E-mail: samuel.dolinger@usdoj.gov