UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                     :

I.C., *a minor, by her mother and natural guardian Ellen Solovsky,*   :

                                     :

                            Plaintiff,   :

                                       :

                     -against-                :

                                       :

DELTA GALIL USA; and SOCK DRAWER, LLC, :

                                       :

                          Defendants. :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/16

1:14-cv-7289-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, District Judge:

### I.      BACKGROUND

      Miss Matched, Inc., a children's clothing and accessory company, sponsored a contest in 2011 at a New York elementary school, giving students the chance to submit original t-shirt designs in the hopes of having that design featured on a t-shirt. Winning students received a $100 gift card and five t-shirts bearing their design, but the contest rules also broadly assigned the ownership rights of submitted designs to Miss Matched. Plaintiff entered and won the contest. After discovering that her design spawned an entire catalogue of clothing and accessories, she brought this lawsuit.

      On September 29, 2015, the Court granted in part and denied in part Defendants' motion to dismiss the complaint. Dkt. No. 70. In the September 29 opinion, the Court concluded that Plaintiff "allege[d] facts sufficient to warrant an evidentiary hearing regarding the unconscionability of the contest rules," *id.* at 70, and such a hearing was scheduled for May 3, 2016. That hearing was aborted mid-stream after it became clear that, rather than focusing on the issue of unconscionability, Plaintiff was focused on an attempt to show that no contract was ever formed—a position not previously asserted by Plaintiff in the litigation. *See* Transcript of Proceedings, dated May 3, 2015 (Dkt. No. 89), at 81-82.

On June 21, 2016, the Court granted Plaintiff leave to file a second amended complaint to assert her new theory of the case—namely, that Plaintiff did not manifest assent to the terms of any contract because she signed only the design template, which itself did not refer to any terms and conditions of the contest, and that no contract was therefore ever formed.  Pursuant to the Court's June 22, 2016 order, leave to file a second amended complaint was granted subject to resolution of an application by Defendants for costs and fees as a result of any dilatory efforts by Plaintiff in seeking leave to amend.  Dkt. No. 98.  Defendants have now requested costs and fees in the total amount of $257,343.46 as a condition to Plaintiff's filing of an amended complaint.  *See generally* Dkt. Nos. 108 and 110.  Although the Court finds that Plaintiff was dilatory in seeking leave to amend her complaint, and that the delay has adversely impacted the course of this litigation, the Court will exercise its discretion not to impose any conditions on Plaintiff's amendment, and Defendants' motions for costs and fees will be denied.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").  Although "[a] district court has broad discretion in determining whether to grant leave to amend," *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000) (citations omitted), the Second Circuit has also cautioned that "it is rare that such leave should be denied," *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citations omitted).

At the outset, the Court must reject Plaintiff's argument that the "Court lacks adjudicatory authority to condition the granting of Plaintiff's motion for leave to file an amended complaint on making a monetary payment to defendants."  Dkt. No. 118 at 1.  That argument is plainly meritless.  "Under Rule 15(a), the court may use its discretion to impose conditions on the grant of leave to

amend." *Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No. 04-cv-2791 (TPG) (DF), 2006 WL 1788946, at *13 (S.D.N.Y. June 28, 2006) (citation omitted); *accord Mann v. Plus One Fitness*, No. 07-cv-5691 (NRB), 2009 WL 792427, at *1 (S.D.N.Y. Mar. 20, 2009) ("It is well settled that the Court can condition the filing of an amended complaint on an award of attorney's fees to defendant where the timing of the request causes otherwise unnecessary expense.") (citation omitted); *Mohideen v. American Airlines, Inc.*, No. 99-cv-0016 (HB) (FM), 1999 WL 714089, at *3 (S.D.N.Y. Sept. 14, 1999) ("It is well settled . . . that a court granting a party leave to amend may impose reasonable conditions which take into account any prejudice that the opposing party will suffer as a result of the amendment." (citation and internal quotation marks omitted).  "Courts have balanced the interests of the party seeking the amendment and those of the party objecting to it by imposing conditions on the applicants leave to amend, such as the costs of any duplicative discovery necessitated by the amendment, the costs of the preparation of previously filed responsive pleading rendered moot by the amendment, the costs of any loss or expense occasioned by the applicant's failure to file adequate pleading in the first instance, and even the costs of all attorney's fees incurred to date in an action." *Hayden v. Feldman*, 159 F.R.D. 452, 454–55 (S.D.N.Y. 1995) (brackets, internal quotation marks, and citations omitted").  "The most common condition imposed on an amending party is costs." *Polycast Technologies Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 939 (S.D.N.Y. 1989) (citations omitted).

Plaintiff points to the text of Rule 15 to argue that the "plain meaning" of the rule does not permit a court to condition the amendment of a complaint on the payment of costs to the opposing party.  This position, however, is baseless.  As the Supreme Court held in *Chambers v. NASCO, Inc.*, 501 U.S. 1269 (1991), a case cited by Plaintiff in her brief, the various sanctioning provisions of the Federal Rules of Civil Procedure, do not foreclose the application of a court's inherent authority. *Chambers*, 501 U.S. at 43.

Plaintiff also cites to *Fischman v. Raytheon Mfg. Co.*, 188 F.2d 783 (2d Cir. 1951), in support of her position that the Court's inherent authority to impose costs as a condition to the amendment of a complaint.  Plaintiff misreads the Second Circuit's decision in that case.  In *Fischman*, the Second Circuit disagreed with a district judge's order that plaintiff post a security before repleading a cause of action under a federal statute that permitted the court to require a security as "premature."  The court did not limit the district court's authority to impose costs as a condition to an amendment.  Similarly, Plaintiff's reliance on *Int'l Assoc. of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386 (9th Cir. 1985), is misplaced.  The court in *Republic Airlines* expressly recognized that "[t]he district court may, in its discretion, impose 'reasonable conditions' on a grant of leave to amend a complaint."  761 F.2d at 1391.  The authority of the district court to impose reasonable conditions on the filing of an amended complaint was not in doubt; rather, the Ninth Circuit found that in that particular case, the conditions imposed were not reasonable.

## III.   DISCUSSION

Sock Drawer argues that it "has incurred substantial costs and expenses that would have been unnecessary but for plaintiff's delay and dilatory acts."  Docket No. 108 at 4.  Similarly, Delta Galil avers that "[a]s a result of Plaintiff's failure to assert her new theory of the case until nearly two years after commencing this action, Defendants were forced to incur significant costs and fees in litigating against 'moving target' allegations."  Docket No. 110 at 6.

As the Court noted during a June 21, 2016 telephone conference with the parties, Plaintiff's counsel was far from diligent in requesting leave to amend the complaint to assert that no contract was formed.  Plaintiff's position in this litigation until the hearing on unconscionability had been premised on the formation of a valid contract—one that Plaintiff sought to avoid because of her status as a minor, and that Plaintiff claimed was unconscionable.  Plaintiff has presented no persuasive justification for her counsel's failure to identify the fundamental issue of contract

formation earlier in the history of the case.  The theory is not driven by the discovery of new facts;
the factual basis for the theory was available to Plaintiff before this suit was filed.  Counsel seems
simply to have noticed the potential issue rather late in the game.

However, while Sock Drawer and Delta Galil's submissions correctly point out Plaintiff's
dilatory conduct in this litigation, they have not met their burden of demonstrating that all of the
costs and expenses incurred by them as outlined in their briefs were truly unnecessary or will
inevitably be duplicated given Plaintiff's new theory.  The Court notes that there is substantial
overlap regarding the issue of contract formation Plaintiff now raises and the unconscionability
theory Plaintiff previously asserted.  Much of the same information and evidence will be relevant to
both issues.  The Court also notes that preparation for the evidentiary hearing on the issue of
unconscionability does not necessarily constitute wasted effort in light of the fact that Plaintiff
continues to press her unconscionability theory.

Defendants bear the burden of demonstrating prejudice.  *See, e.g.*, *Miller v. Union Pacific R.R.*,
No. 06-cv-2399 (JAR) (DJW), 2008 WL 4271906, at *3 (D. Kan. Sept. 12, 2008) ("The party
opposing the amendment has the burden of showing prejudice."); *Nat'l Union Fire Ins. Co. of
Pittsburgh v. Continental Illinois Corp.*, 658 F. Supp. 781, 786 (N.D. Ill. 1987) (citation omitted)
("Defendants have the burden of making specific claims of prejudice.") (citations omitted).
Defendants do not present a basis for the Court to evaluate which of their expenditures represent
cognizable prejudice to Defendants if not reimbursed, given the overlap between the work they did
to prepare for the unconscionability hearing and the litigation of the case under Plaintiff's new
theory.

The Court believes that Plaintiff's counsel was dilatory in seeking leave to amend, and
recognizes that some duplication of effort will be required given Plaintiff's failure to identify the
contract formation issue earlier in the litigation.  Plaintiff's brief also misstates the applicable legal

standards and ignores governing precedent regarding the Court's authority to impose conditions on

a motion to amend.  However, at base, the Court has been presented with a request to condition the

continuation of this litigation by Plaintiff, a minor, on payment of over a quarter of a million dollars

in fees and costs.  The Court believes that this would be an unduly harsh consequence of counsel's

failure to identify a legal issue—even a potentially fundamental issue—in a timely manner.  Without

an articulable basis to evaluate which of the Defendants' fees and costs are necessarily duplicative,

allowing the Court to pare down the Defendants' majestic demand, the Court ultimately declines to

condition the amendment of the complaint on the payment of that amount.

**IV.        CONCLUSION**

Defendants' motions for costs and fees are DENIED.  Plaintiff is directed to file a second

amended complaint within one week from the date of this order.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 106 and 109.

SO ORDERED.

Dated:  October 24, 2016
New York, New York                                              _____
                                                                              GREGORY H. WOODS
                                                                          United States District Judge